481 P.2d 709

**Kenneth BALIZER and Arthur Bazan, a Minor, by his next friend, Isauro Bazan, *on behalf of themselves and all others similarly situated*, Plaintiffs-Appellants,**

v.

**Paul W. SHAVER, Chief of Police of the City of Albuquerque, New Mexico, et al., Defendants-Appellees.**

**No. 579.**

Court of Appeals of New Mexico.

Feb. 5, 1971.

Paul A. Phillips, Albuquerque, for plaintiffs-appellants.

Frank M. Mims, John P. Burton, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

SPIESS, Chief Judge.

This appeal challenges the constitutionality of a so-called vagrancy ordinance of the City of Albuquerque, New Mexico, and likewise presents certain other issues for determination.

The action was brought by two named plaintiffs on their own behalf and on behalf of all others similarly situated. [§ 21-1-1 (23) (a), N.M.S.A.1953 (Repl.Vol. 4)].

The complaint is in three causes of action. The first seeks a declaratory judgment that the ordinance is unconstitutional on its face and as applied, and, further, prays injunctive relief against enforcement of the ordinance. The second is a count by plaintiff Balizer for false arrest as against defendant Hattaway, a policeman, and the third cause of action is by plaintiff Bazan against defendant Stucker, a policeman, and the City of Albuquerque, for false arrest.

The ordinance under attack as quoted in the complaint provides:

"SECTION 24. VAGRANCY. Vagrancy shall consists [sic] of either:
"A. Being without visible or lawful means of support or although possessing the physical ability to work, failing or refusing to actively seek employment;
"B. Loitering in, about, or on any street, land, avenue, alley, any other public way, public place, at any public gathering or assembly, or in or about any store, shop, or business or commercial establishment, or on any private property or place without lawful business there;

\* \* \* \* \* \*

"E. Loitering about or on any public, private, or parochial school, college, seminary grounds, or buildings, either on foot or in or on any vehicle, without lawful business there."

In addition to Stucker and Hattaway, defendants consist of the City of Albuquerque, and a number of officials of the City of Albuquerque, including the members of the City Commission.

The defendants jointly moved to dismiss the complaint, and each count thereof, upon the ground that they fail to state a claim, or claims against the defendants upon which relief can be granted. [§ 21-1-1(12) (b) (6), N.M.S.A.1953 (Repl.Vol. 4)]. The motion was granted by the court, and an order was entered dismissing the complaint; from the order this appeal is prosecuted.

Where a complaint is challenged on the ground that it fails to state a claim upon which relief can be granted, facts well pleaded are to be treated as the facts upon which the case rests. Rubenstein v. Weil, 75 N.M. 562, 408 P.2d 140 (1965). Consequently, a decision in this court has its basis in such facts. The named plaintiffs, by the first cause of action, allege that they are "citizens of the United States and residents of Albuquerque, Bernalillo County, New Mexico. They are both accustomed to be on and in public thoroughfares, streets, land, avenues, alleys, and public ways and public places and go upon the college grounds or school grounds."

Both of these plaintiffs allege that they have been arrested and charged with vagrancy under the challenged ordinance.

The plaintiff Bazan alleges that on the 27th day of August, 1968, at approximately 10:30 P.M. he was sitting in a public park in the City of Albuquerque, peacefully conversing with friends, when he was arrested by defendant Stucker and charged with violating § 24(b) of the vagrancy ordinance. Upon trial in the municipal court, the charge was dismissed.

The plaintiff Balizer alleges that he was peacefully walking on the campus of the University of New Mexico from the Student Union to his car in the library parking lot when he was arrested by defendant Hattaway and charged with violating § 24(e) of the vagrancy ordinance. The

complaint against Balizer was dismissed upon motion of the City Attorney.

Both plaintiffs allege that they "were subjected to indignity and abuse and harassment. They were booked, fingerprinted, and searched, and interrogated." It is alleged that the ordinance is employed as a basis for arrests upon mere suspicion and without probable cause.

■ Before considering the challenge to the constitutionality of the ordinance, we encounter preliminary contentions relating to whether the proceedings can properly be treated as a class action, and whether the complaint presents a case of actual controversy warranting declaratory relief. We do not consider whether a proper class action is presented because, in our opinion, the facts disclose a justiciable controversy in the named plaintiffs. If the complaint fails to meet the requirements of Rule 23 [§ 21–1–1(23), N.M.S.A.1953 (Repl.Vol. 4)], termination of the action would be proper only insofar as it seeks relief on behalf of the class. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964).

■ Defendants do not question the availability of declaratory proceedings as a means of testing the constitutionality of criminal or penal municipal ordinances. See Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41 (1941); Fenster v. Leary, 20 N.Y.2d 309, 282 N.Y.S.2d 739, 229 N.E. 2d 426 (1967). Defendants suggest, and we think correctly so, that declaratory proceedings will lie only in cases of actual controversy. Section 22–6–1, N.M.S.A. 1953. Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027 (1940). Upon this ground defendants argue that, because both named plaintiffs were acquitted of the charges of vagrancy by the municipal court, no actual controversy is presented. The remedy, in our opinion, is available under circumstances where one seeking relief is actually threatened with an unconstitutional deprivation of personal rights. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 83 S.Ct. 631, 9 L.Ed.2d 584

(1963); Colorado State Board of Optometric Exam. v. Dixon, 165 Colo. 488, 440 P. 2d 287 (1968); compare State ex rel. Maloney v. Sierra, 82 N.M. 125, 477 P.2d 301, decided November 23, 1970.

■ We look to the complaint to determine whether it discloses that plaintiffs are threatened with deprivation of constitutional rights through the contemplated enforcement of the challenged ordinance.

The plaintiffs allege:

"By the use of the color of this ordinance, the Defendants have deprived and threatened to deprive the Plaintiffs and those similarly situated, of the privileges and immunities granted to citizens of the United States, and continue to threaten to deprive them and others of their rights and privileges and immunities under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States."

In our view, this language, coupled with the alleged facts relating to prior arrests which have been stated, adequately discloses a fact situation from which it can properly be said that plaintiffs are actually threatened with deprivation of their personal constitutional rights and consideration of the constitutionality of the ordinance is warranted as against the contention that no actual controversy is present.

The defendants further appear to suggest that the order of dismissal is sustainable on the ground that the granting of declaratory relief is discretionary. Allstate Insurance Company v. Firemen's Insurance Company, 76 N.M. 430, 415 P.2d 553 (1966). The trial court, however, in this instance, did not purport to exercise discretion as to whether it would entertain the action; it simply granted the motion to dismiss, which, as we have stated, was on the basis that the complaint failed to "state a claim or claims against the defendants upon which relief can be granted."

■ The constitutional attack upon the ordinance, and in particular paragraphs B. and E., which are quoted, is upon the

ground that these paragraphs are vague and over broad. We hold that the paragraphs B. and E. are unconstitutional upon their face.

In accordance with the ordinance, vagrancy is defined in terms of "loitering" (See ordinance quoted, supra).

The term "loiter" is defined, Webster's Third International Dictionary, 1966, as:

"* * * to interrupt or delay an activity or an errand or a journey with or as if with aimless idle stops and pauses and purposeless distractions: fritter away time in the course of doing something or proceeding somewhere: take more time than is usual or necessary: be markedly or unduly slow in doing something or going somewhere: Dawdle, Linger: to remain in or near a place in an idle or apparently idle manner: hang around aimlessly or as if aimlessly: to be unnecessarily slow in leaving: fitfully put off leaving: hang back: stay around without real necessity: lag behind:"

In Territory of Hawaii v. Anduha, 48 F.2d 171 (9th Cir. 1931) the court, in considering and holding a vagrancy statute unconstitutional, applied the following definition to the term of "loiter."

"To consume (time) idly; with away, [sic] as, to loiter away the hours; to linger idly along the way; to spend time idly; to be dilatory; delay; to travel indolently with frequent intermissions."

It is clearly apparent that the ordinance condemns acts as criminal to which no reasonable person would attribute wrongdoing or misconduct.

In People v. Diaz, 4 N.Y.2d 469, 176 N.Y.S.2d 313, 151 N.E.2d 871 (1958), the Court of Appeals of New York held unconstitutional an ordinance of the City of Dunkirk providing that no person shall lounge or loiter about any street or streetcorner in the City of Dunkirk. The court said:

"It is the rule that for validity a criminal statute must be informative on its face (People v. Firth, 3 N.Y.2d 472, 168 N.Y.S.2d 949, 146 N.E.2d 682) and so explicit [sic] that 'all men subject to their penalties may know what acts it is their duty to avoid' (United States v. Brewer, 139 U.S. 278, 288, 11 S.Ct. 538, 541, 35 L.Ed. 190; People v. Vetri, 309 N.Y. 401, 131 N.E.2d 568). While the term 'loiter' or 'loitering' has by long usage acquired a common and accepted meaning (People v. Bell, 306 N.Y. 110, 115 N.E.2d 821), it does not follow that by itself, and without more, such term is enough to inform a citizen of its criminal implications and, by the same token, leave it open to arbitrary enforcement."

In Goldman v. Knecht, 295 F.Supp. 897 (D.Colo.1969), a 3-judge federal district court considered the constitutionality of a vagrancy statute similar, in part, to the ordinance involved here. In declaring the statute unconstitutional, the court said:

"The statute in question is subject to constitutional attack on several grounds, but its main deficiency (as has been noted) is its extreme breadth and vagueness. These qualities render it void on its face and, thus, in violation of the due process clause of the Fourteenth Amendment. Precision sufficient to give notice of proscribed conduct must be present, and this is especially so in a criminal statute affecting as it does constitutional freedoms. Aptheker v. Secretary of State, 378 U.S. 500, 514, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964). It is, of course, a fundamental constitutional principle that a statute which forbids an act 'in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.' The constitutional vice of a vague or indefinite statute is that it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.' Such a statute fails to establish reasonable stand-

ards for determining guilt or innocence thus licensing the police, jury and judge to create their own standards.

"The statute in question subjects to arrest, imprisonment and fine essentially every able-bodied citizen of Colorado who happens, at one time or another, to be 'doing' one of the inherently innocuous acts or things mentioned. Because of this, it fails to give a person of ordinary intelligence the slightest warning as to what behavior is prohibited or as to standards which are to be used in his arrest and conviction."

We have not overlooked Anderson v. Shaver, 290 F.Supp. 920 (D.N.M.1968), cited by defendants. However, the force and reasoning of recent decisions induce us to conclude that the ordinance is unconstitutional. Arnold v. City and County of Denver, Colo., 464 P.2d 515 (1970); Ricks v. United States, 134 U.S.App.D.C. 215, 414 F.2d 1111 (1968); Ricks v. District of Columbia, 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968); Lazarus v. Faircloth, 301 F. Supp. 266 (S.D.Fla.1969); Smith v. Hill, 285 F.Supp. 556 (E.D.N.C.1968); Wheeler v. Goodman, 306 F.Supp. 58 (W.D.N.C. 1969); Alegata v. Commonwealth, 353 Mass. 287, 231 N.E.2d 201 (1967) and Fenster v. Leary, 20 N.Y.2d 309, 282 N.Y. S.2d 739, 229 N.E.2d 426 (1967).

The motion to dismiss was granted as to both the second and third causes of action. Both causes of action, so far as material here, allege that plaintiffs were arrested without probable cause, wrongfully, illegally and in violation of their constitutional rights. The date and place where each arrest occurred is specified.

In Manson v. Pucci, 7 F.R.D. 570 (W. D.Mo.1947) the court, considering the sufficiency of a complaint asserting false arrest, said:

"Rule 8(a) of the Rules of Federal Procedure, 28 U.S.C.A. following section 723c, in the Federal Courts specifies that a complaint 'shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.' It is familiar law that a false arrest may be made the basis of a suit for damages.

"In clear language the plaintiff says that on a specified date, at a specified place, he was arrested and detained at the instance of the defendant and that such arrest and detention were wrongfully made. This is sufficient."

The quoted portion of Rule 8(a) of the Rules of Federal Procedure is identical in language with Rule 8(a) (2), § 21–1–1(8) (a) (2). N.M.S.A.1953 (Repl.Vol. 4), of our Rules of Civil Procedure.

In our view the second and third causes of action state a claim for relief.

In holding as we do in this opinion, we do not consider defenses argued on the appeal which, at this point, have neither been pleaded nor presented to the trial court. We hold only that a claim has been stated. It is our view, however, that no claim for relief was stated under the third cause of action as against the City of Albuquerque. See Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968).

As to the City of Albuquerque, the trial court correctly dismissed the third cause of action. The order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.

WOOD and HENDLEY, JJ., concur.