Argued May 18, affirmed June 17, petition for rehearing denied July 13, petition for review denied September 21, 1971

## STATE OF OREGON, *Respondent, v.* RICHARD SCHULMAN, *Appellant.*

### 485 P2d 1252

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the brief was A. I. Bernstein, Portland.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

Defendant was convicted by the Circuit Court of Multnomah County of committing an illegal abortion. On appeal he contends (1) that the indictment did not allege facts sufficient to constitute a crime and (2) that the abortion statute, ORS 435.405 to 435.495, is unconstitutional.

The indictment charges that defendant, on or about October 11, 1969,

"* * * did unlawfully, purposely and feloniously use in the body and womb of one Judy May Jenkins certain fluid, a more particular description of said fluid is unknown to the Grand Jury, she, the said Judy May Jenkins, being a female pregnant with child, with intent * * * thereby to terminate the pregnancy * * * for purposes other than delivery of a viable birth * * *."

█ Defendant did not demur to the indictment. Notwithstanding, an indictment may, at any stage of the proceedings, even for the first time on appeal, be

challenged on the grounds that it does not state facts sufficient to constitute a crime. *State v. Peebler et al,* 200 Or 321, 265 P2d 1081 (1954). However, courts do not look with favor upon such delay in attack. *State v. DuBois,* 175 Or 341, 153 P2d 521 (1944).

■ The above indictment is sufficient to enable a person of common understanding to know what he was charged with and to prepare a defense. The act of "unlawfully, purposely and feloniously" producing an abortion as charged here cannot have reference to nor include instances in the legitimate practice of medicine under ORS 435.415 et seq, in which an abortion may be necessary and lawful. Therefore, where, as here, the defendant is not a licensed physician nor assisting a licensed physician, the indictment need not negative the possibility that the abortion may have been lawful. *State v. Elliott,* 204 Or 460, 467, 277 P2d 754 (1954), *cert denied* 349 US 929, 75 S Ct 772, 99 L Ed 1260 (1955).

■ The constitutionality of the statute under which a defendant has been charged is usually raised by demurrer. *State v. Nicholls,* 77 Or 415, 151 P 473 (1915). Instead defendant at the conclusion of the state's case in chief moved for a judgment of acquittal on several grounds, including that the abortion statute "* * * violates the due process, equal protection clause of Section 1, 14th Amendment, United States Constitution * * * because it's vague, indefinite, lacking in standards, and that it interferes with a woman's right to have an abortion, that the statute places the burden of proof on the defendants to prove innocence rather than the burden on the State to prove guilt." The trial judge denied the motion.

■ Assuming without deciding that the constitutionality of the statute can be raised in this manner,

and at this juncture of the proceedings, defendant's challenge must fail because he lacks standing to challenge constitutionality on the grounds stated in his motion and discussed in the authorities cited in his brief. ORS 435.455 states:

"(1) A person who purposely terminates the pregnancy of another for purposes other than delivery of a viable birth, unless justified under ORS 435.415, shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years * * *.

"* * * * * *"

Regardless of the constitutionality of statutes which forbid licensed physicians from performing abortions, there can be no question of the constitutionality of a statute which prohibits unlicensed persons from performing abortions. The record shows that defendant is not a doctor and that he was convicted of performing an abortion.

"* * * [O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional * * *." *United States v. Raines,* 362 US 17, 21, 80 S Ct 519, 4 L Ed 2d 524, 529 (1960).

Affirmed.