Submitted on appellant's brief December 27, 1971, reversed
and remanded January 6, 1972

# MYATT ET AL, *Appellants, v.* STATE OF OREGON, COUNTY OF WASHINGTON ET AL, *Respondents.*

492 P2d 495

Myatt, Bolliger, Hampton & Freerksen, Richard A. Sly and Kenneth E. Iltz, Beaverton, for appellants.

No appearance for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM

The plaintiffs in this declaratory judgment proceeding are Washington County attorneys who contend in their complaint that the defendants are violating plaintiffs' constitutional rights by requiring them to accept the defense of indigents charged with crime or within the jurisdiction of the juvenile court without guaranteeing to plaintiffs fair, just, reasonable and adequate compensation as conditions of appointment to represent such indigents. The trial judge sustained a demurrer to plaintiffs' complaint on the ground that:

" '* * * The Oregon Legislature has the sole responsibility in providing for payment of attorneys' fees, if any, in [cases in which counsel is appointed to represent indigents accused of crime,] and the amount of fees so determined are not subject to review by the Judicial branch of government.

" 'Inasmuch as the facts alleged in the plaintiffs' complaint do not constitute a violation of any of the particular provisions of the Federal and State Constitutions alleged, the defendants' demurrer will be and the same is hereby sustained.' "

In their brief, plaintiffs contend that the trial court was incorrect in its ruling on the substantive issues raised by the complaint, and, further, that in any event, as a procedural matter, the trial court erred in sustaining the demurrer.

In response to plaintiffs' brief on appeal, the defendants, represented by the Attorney General, have confessed error, stating by letter to this court:

"* * * [R]espondents will not file a brief in the above entitled case, inasmuch as we are satisfied that the cause must be remanded for further proceedings.

"* * * * * *

"We believe that the trial court clearly ruled correctly on the substantive issues presented. *State v. Apodaca,* 252 Or 345, 449 P2d 445 (1969); *State v. Jamison,* 251 Or 114, 120, 444 P2d 15, 444 P2d 1005 (1968); *Spencer v. Gladden,* 230 Or 162, 369 P2d 129 (1962); *Keene v. Jackson County,* 91 Adv Sh 493, — Or App —, 474 P2d 777, Sup Ct review denied 91 Adv Sh 1385, — Or —, 478 P2d 393 (1970). However, we also believe that it was procedurally incorrect to sustain the demurrer, in view of the well-settled rule that where a declaratory-judgment complaint shows the existence of an actual controversy, it is not subject to demurrer even though it fails to show that plaintiff is entitled to prevail on the question in controversy. See, *e.g., Cabell v. Cottage Grove,* 170 Or 256, 261-262, 130 P2d 1013 (1943); 2 Oregon State Bar, Pleading and Practice Handbook, Declaratory Judgments § 85.25. * * *"

*Cabell et al v. Cottage Grove et al,* 170 Or 256, 262, 130 P2d 1013 (1943), states:

"* * * Since the complaint stated a justiciable controversy, the demurrers should have been overruled, and, after the filing of an answer which presumably would have admitted the existence of the controversy alleged, a decree containing a declaration of rights should have been entered. Conse-

quently, it will be necessary to reverse the decree
* * * "①

Reversed and remanded.

---

① In Cabell et al v. Cottage Grove et al, 170 Or 256, 262, 130 P2d 1013 (1943), the Supreme Court went on to say:
"* * * [B]ut, to obviate another appeal, we deem it proper to state our views upon the merits.",

and then proceeded to do so. In view of the fact that the Supreme Court as well as this court has already spoken at length on the issues at bar, it would serve no purpose for us to here discuss the substantive issues. See cases cited in the body of this opinion.