Argued November 28, 1972, reversed and remanded
February 12, petition for review denied
March 30, 1973

CORNELIUS, *Appellant, v.* CITY OF ASHLAND
(No. 72-564-E), *Respondent.*
506 P2d 182

*Donald M. Pinnock,* Ashland, argued the cause and filed the brief for appellant.

*Ronald L. Salter,* Ashland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

An ordinance recently enacted by the city of Ashland authorizes police in Ashland to jail any person for up to two hours for, among other things, failing to give a "reasonable explanation of his actions" when questioned by the police.[1] Plaintiff, a resident of Ash-

---

[1] The challenged portion of the ordinance in question provides:

"Section 26. *Threshold inquiry.*

"a. *Temporary detention.* The police officers of the City of Ashland may stop any person in a public place 1. If an officer has reasonable grounds to suspect that the person is committing, 2. has committed, or is about to commit, a crime or breach of ordinance, and may inquire of such person his name, address, business, and where he is going. If the person being thus questioned, fails to give his lawful name, and a reasonable explanation of his actions, this shall not constitute a punishable violation of ordinance, but such person may be detained by the officer for a period not exceeding two (2) hours, and further questioned or investigated. Successive detentions of a person cannot be used as a colorable basis for detaining the person more than two hours hereunder. No such detention shall be deemed or recorded as an arrest, and at the end of the time thus authorized, the person so detained shall be either promptly released or arrested, and charged with a crime or a breach of ordinance. If a person refuses to submit to lawful detention hereunder; the officer may use such means as may be reasonably necessary to effect the detention. If the detention is lawful hereunder, and if the officer employs no greater force, or other means, than reasonably necessary, resistance or flight by the person whom he seeks to detain shall be a violation hereunder.

"b. *Protective Search.* If during the violation of something, not a crime, temporary detention authorized above, the officer reasonably believes himself to be in danger of attack or assault by the person thus detained, the officer may 'frisk'

land, initiated this declaratory judgment proceeding pursuant to ORS 28.020 to challenge the constitutionality of this ordinance. The defendant-city's demurrer was sustained by the trial court. Plaintiff appeals.

The questions presented revolve around whether the complaint alleges facts sufficient to establish that the issue of the constitutionality of the ordinance is a justiciable controversy, that plaintiff has standing to challenge the ordinance, and that the constitutional issue is ripe for adjudication.[2]

The material portions of plaintiff's complaint allege that there is an "actual controversy between the parties"; that he "is a resident of the City of Ashland"; and that his "rights and liberties are subject to being

such person for dangerous or concealed weapons without arrest. Any such weapon found on the person may be kept by the officer during the detention, and at the end of such period, shall be returned to the person thus detained, unless he is at that time arrested for a crime or breach of ordinance involving the use, possession or concealment of such weapon.

"c. *Constitutional Rights.* Nothing herein contained shall be construed as relieving the police officer from according the person detained his constitutional rights and privileges, including such admonition as may be thus required.

"d. *Limitations.* Nothing herein shall be construed as limiting the right of a police officer to conduct such inquiry or interrogation, effect such arrest or detention, or make such search or seizure, with or without warrant, as may be otherwise authorized by the laws of the State of Oregon and the federal or state constitutions; nor shall anything in this section be construed as permitting or authorizing any conduct which is defined and made punishable as a crime by the laws of the State of Oregon."

[2] It is not clear whether the justiciable controversy, standing and ripeness requirements in declaratory judgment cases are completely distinct, somewhat interrelated or basically synonymous. In this case, for example, while defendant's arguments are phrased in justiciable controversy terms, the real thrust of those arguments seems to raise questions more of standing and ripeness.

deprived at any time by use of this ordinance by the police officers of defendant."

A threshold problem, apparently not considered by the parties or circuit court, is whether the issues of justiciable controversy, standing and ripeness are properly raised in a declaratory judgment proceeding by way of demurrer.

Quoting from *City of Cherryvale v. Wilson,* 153 Kan 505, 510, 112 P2d 111 (1941), the Oregon Supreme Court in *Cabell et al v. Cottage Grove et al,* 170 Or 256, 261, 130 P2d 1013, 144 ALR 286 (1943), stated:

"* * * 'It is rare that a demurrer is an appropriate pleading for the defendant to file to a petition for a declaratory judgment' * * *."

More recently, in *Webb v. Clatsop Co. School Dist. 3,* 188 Or 324, 332, 215 P2d 368 (1950), the court stated:

"Demurrer may be used to test the sufficiency of the complaint in these [declaratory judgment] cases, *if it is vulnerable upon any of the statutory grounds of demurrer* * * *." (Emphasis supplied.)

The relevant statute, ORS 16.260, lists seven grounds for a demurrer. The only ones that appear possibly relevant are lack of subject matter jurisdiction, ORS 16.260(1), and failure to state a cause of action, ORS 16.260(6). It may be that the questions of justiciable controversy, standing and ripeness in this context are elements of subject matter jurisdiction, or elements of a cause of action, but we are not aware of any Oregon cases that expressly so state. *Cf., Dickman et al v. School Dist. 62C et al,* 232 Or 238, 245, 366 P2d 533 (1962), *cert denied* 371 US 823, 83 S Ct 41, 9 L Ed 2d 62 (1963), holding that the question of standing in equity proceedings is not jurisdictional.

■ It seems that the better practice in declaratory judgment actions would be to almost always require a responsive pleading, as implied in *Cabell et al v. Cottage Grove et al,* supra. It would do more justice more often if the questions of justiciable controversy, standing and ripeness were raised as defenses in an answer, ORS 16.290(2)(b), and then determined by examining both pleadings, rather than just the "face of the complaint," ORS 16.260.[9]

Nevertheless, in spite of these considerations, we proceed on the assumption that the issues of justiciable controversy, standing and ripeness were properly raised in this case by defendant's demurrer.

Turning to the merits, we note that there are Oregon cases that tend to support each party's position. We also note that it is difficult, if not impossible, to reconcile all of the relevant cases.

The majority of cases support the plaintiff. Declaratory judgments were granted on the merits concerning the constitutionality of penal statutes in *Anthony v. Veatch,* 189 Or 462, 220 P2d 493, 221 P2d 575 (1950), *appeal dismissed* 340 US 923, 71 S Ct 499, 95 L Ed 667 (1951), and *Amer. F. of L. et al v. Bain et al,* 165 Or 183, 106 P2d 544, 130 ALR 1278 (1940). Declaratory judgments were granted on the merits concerning the applicability, as distinguished from validity, of penal statutes in *McKee v. Foster,* 219 Or 322, 347 P2d 585 (1959), and *Mult. Co. Fair Ass'n v. Langley,* 140 Or 172, 13 P2d 354 (1932).

Declaratory judgments have also been granted on the merits concerning the validity of non-penal

[9] Indeed, in Myatt et al v. State et al, 7 Or App 584, 492 P2d 495 (1972), we reversed on the Attorney General's confession of error that the absence of a justiciable controversy was not properly raised by demurrer.

statutes and ordinances. *Foeller v. Housing Authority of Portland*, 198 Or 205, 256 P2d 752 (1953); *City of Portland v. Welsh*, 154 Or 286, 59 P2d 228, 106 ALR 1188 (1936); *Multnomah County v. First Nat. Bank*, 151 Or 342, 50 P2d 129 (1935); *see also, Recall Bennett Com. v. Bennett et al*, 196 Or 299, 249 P2d 479 (1952).

In most of these cases the question of the availability of declaratory relief was not discussed, but since the Supreme Court on occasion has noted the absence of a justiciable controversy on its own initiative, e.g., *Cummings Constr. v. School Dist. No. 9*, 242 Or 106, 408 P2d 80 (1965), they are at least some authority for granting declaratory relief in this similar situation.

On the other hand, it must be conceded that defendant's position is supported by language in some Oregon cases, especially *Gortmaker v. Seaton*, 252 Or 440, 450 P2d 547 (1969),[④] and *Oregon Cry. Mfgs. Ass'n v. White*, 159 Or 99, 78 P2d 572 (1938). Relying on that language defendant seems to contend that the controversy over the constitutionality of the ordinance is too hypothetical and speculative to be justiciable, and that plaintiff's interests are not or will not be sufficiently affected by use of the ordinance to create standing.

■ In reconciling the cases we have determined plaintiff's complaint alleges facts that make a sufficient showing of justiciable controversy, standing and ripeness to survive demurrer for the following reasons.

(1) The majority of Oregon cases support this

---

[④] Defendant incorrectly states that Gortmaker v. Seaton, 252 Or 440, 450 P2d 547 (1969), involved a question of the constitutionality of a penal statute. Actually, the question was purely statutory. We have since resolved it in State v. Alexander, 6 Or App 526, 487 P2d 1151, Sup Ct *review denied* (1971). The background of the *Gortmaker* case is more fully discussed in Note, 51 Or L Rev 696 (1972).

result. *Anthony v. Veatch; Amer. F. of L. et al v. Bain et al; McKee v. Foster; Mult. Co. Fair Ass'n v. Langley; Foeller v. Housing Authority of Portland; City of Portland v. Welsh; Multnomah County v. First Nat. Bank,* all supra. The question on which plaintiff seeks a declaration in this case is no more hypothetical or speculative than the questions determined in those cases. Plaintiff's interests are as substantially affected by the ordinance in question in this case as were the plaintiffs' interests in those cases.

Language in the equity case of *Dickman et al v. School Dist. 62C et al,* supra at 244-45, is also in accord:

"\* \* \* The Oregon cases on standing do not provide us with a clear guide. It has been held that for some purposes at least a person contesting a public expenditure must plead and prove that the threatened action probably will result in a general increase in taxation. Plaintiffs did not expressly allege in their complaint that the expenditures made by the defendant district increase the tax burden upon them or upon taxpayers generally, although the claim that such an increase occurs might be inferred from the allegations that plaintiffs are taxpayers, that public moneys were appropriated and expended in the purchase of textbooks for distribution to St. John's school and that this 'constitutes the imposition of a tax.' The precise question of whether a taxpayer has standing to contest the expenditure of public moneys for the support of religious education has been passed upon by other courts. In some of the adjudicated cases the taxpayer has been accorded standing even in the absence of allegation or proof that he will be damaged in a pecuniary way. *And there is support for the proposition that the problem of standing will be overlooked when an issue of unusual importance is presented.*" (Emphasis supplied.)

(2) Such a result is also consistent with the

history and rationale of declaratory judgment proceedings.

In general, the theory of the early common law was that courts existed only to redress the commission of private wrongs and punish crimes *after* they had been committed. At an early date the limitations produced by such a conceptualization of the courts led to the expansion of equity jurisdiction, e.g., actions to quiet or remove a cloud on title—examples of situations where no private wrong had necessarily yet been committed. More recently, in this century most American states have enacted declaratory judgment statutes to expand the availability of preventive, anticipatory remedies.

The essential distinction between an action for declaratory judgment and the traditional common law action is that no actual wrong need have been committed or loss have occurred in order to invoke declaratory judgment jurisdiction. The remedy of declaratory judgment was designed to relieve parties of uncertainty by adjudicating rights and duties *before* wrongs have actually been committed or damages have been suffered. In short, declaratory judgment is preventive justice.

(3) Such a result is consistent with a perceptible trend toward expansion of the availability of declaratory relief to test the validity and applicability of criminal statutes. Annotation, 10 ALR3d 727 (1966). Strong arguments support the continuation and expansion of this trend. Note, 80 Harv L Rev 1490 (1967).

(4) Finally, this case presents even more compelling reasons for declaratory relief than the typical challenge against a *substantive* criminal statute or ordinance. Anybody who challenges a substantive

criminal law by declaratory judgment proceedings theoretically could raise the same issues if and when a prosecution were initiated against him. However, the Ashland ordinance, by its very terms, does not create a crime; it merely permits police to jail people for two hours regardless of whether they have committed a crime.

A declaration of the validity or applicability of a substantive penal statute has never been denied on the grounds that the plaintiff had the *potential* alternative remedy of just defending a prosecution. *Anthony v. Veatch; Amer. F. of L. et al v. Bain et al; McKee v. Foster; Mult. Co. Fair Ass'n v. Langley,* all supra. Instead, a declaration as to the applicability or validity of a criminal statute has only been denied when there is an *existing* alternative effective remedy, i.e., when a prosecution has already been initiated, as was the case in *Nelson v. Knight,* 254 Or 370, 460 P2d 355 (1969).

Since it is impossible for plaintiff to be prosecuted for violating the ordinance in question, he does not have the alternative remedy—either existing or potential—that is available to anybody challenging a substantive criminal statute. If the presence of an existing effective alternative remedy is grounds for denying a declaratory judgment, *Nelson v. Knight,* supra, it would seem to follow that the total absence of an alternative remedy in this case cuts in favor of granting a declaratory judgment. Indeed, this appears to be the basis of the holding in *Ostrander v. Linn,* 237 Iowa 694, 22 NW2d 223 (1946), cited with approval in *Nelson v. Knight,* supra. This also appears to be the federal rule. *See, Anti-Fascist Committee v. McGrath,* 341 US 123, 156, 71 S Ct 624, 95 L Ed 817 (1951)

(in determining standing it is appropriate to consider "the hardship of denying judicial relief") (Mr. Justice Frankfurter, concurring).

For the foregoing reasons the order granting defendant's demurrer is reversed, and the case is remanded for a determination of the validity of the ordinance in question, an issue not briefed or argued in this court.

Reversed and remanded.

THORNTON, J., dissenting.

In order to maintain his declaratory judgment action to challenge the Ashland ordinance, plaintiff must first demonstrate that he has standing, namely, that he is a "person * * * whose rights, status or other legal relations" are affected by the ordinance. ORS 28.020. Standing requires the allegation of a substantial interest in the matter in controversy. *Gortmaker v. Seaton*, 252 Or 440, 450 P2d 547 (1969).

The plaintiff's only claim to such a substantial interest is that he is a resident of Ashland. As such, he asserts in his complaint, his "rights and liberties are subject to being deprived at any time" by the use of the ordinance.

This allegation is insufficient to establish standing in the plaintiff. Any resident of Ashland could make the same assertion. Plaintiff must show some injury, or threat of injury, more particular to himself.

> "* * * The citizen-litigant must show more than that there may exist on the merits an infirmity in the disputed statute; he must prove an appreciable harm to himself 'and not merely that he suffers in some indefinite way in common with people generally.' * * *" Note: *Declaratory Relief in the Criminal Law*, 80 Harv L Rev 1490, 1509 (1967).

*See also, Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 408 P2d 80 (1965); *Eacret et ux v. Holmes,* 215 Or 121, 333 P2d 741 (1958); Borchard, Declaratory Judgments 51-52 (2d ed 1941); Annotation, 10 ALR3d 727 et seq, *Declaratory Relief—Criminal Statutes* (1966).

Plaintiff has not shown, nor alleged, that he is particularly subject to the ordinance, nor that he has been threatened by its application, nor that he suffers any other current, or prospective, injury from the use of the ordinance. He asserts only that he is a citizen, uncertain of the validity of the ordinance.

> "It is fundamental to appellate jurisprudence that courts do not sit 'to decide abstract, hypothetical, or contingent questions * * * or to decide any constitutional question in advance of the necessity for its decision * * *.' " *Gortmaker v. Seaton,* supra, 252 Or at 442, quoting *Federation of Labor v. McAdory,* 325 US 450, 461, 65 S Ct 1384, 89 L Ed 1725 (1945).

Plaintiff, in his brief, relies on cases where declaratory relief was employed to test the constitutionality of laws alleged to have a "chilling effect" on First Amendment, or other especially protected, rights. However, standing is still required in such cases, and is usually provided by the allegation of some past, or threatened, prosecution. *See, Dombrowski v. Pfister,* 380 US 479, 85 S Ct 1116, 14 L Ed 2d 22 (1965); *Camarco v. City of Orange,* 111 NJ Super 400, 268 A2d 354 (1970), 116 NJ Super 531, 283 A2d 122 (1971); *Balizer v. Shaver,* 82 N Mex 347, 481 P2d 709 (1971).

Plaintiff has not cited to us, nor has my research disclosed, any case recognizing standing in the mere allegation of residence within an area where an allegedly invalid law or ordinance is in force.

Standing is not a mere technicality, but a basic requisite for the exercise of the judicial function.

I am unable to reconcile our holding in the case at bar with the rule stated in *Gortmaker v. Seaton,* supra, requiring a showing of special standing.

The prevailing opinion cites a number of well known earlier Oregon cases, including, *Anthony v. Veatch,* 189 Or 462, 220 P2d 493, 221 P2d 575 (1950), *appeal dismissed* 340 US 923, 71 S Ct 499, 95 L Ed 667 (1951), *Amer. F. of L. et al v. Bain et al,* 165 Or 183, 106 P2d 544, 130 ALR 1278 (1940), *Mult. Co. Fair Ass'n v. Langley,* 140 Or 172, 13 P2d 354 (1932), and *McKee v. Foster,* 219 Or 322, 347 P2d 585 (1959), wherein our Supreme Court granted declaratory relief with reference to criminal statutes, as supporting the granting of declaratory relief in the case at bar.

An examination of these cases, however, will show (as the opinion properly points out) that the question of the existence or nonexistence of a justiciable controversy was apparently never raised by the defendant public officials. The same appears to be true as to the cases cited wherein declaratory relief was granted as to civil statutes, with the exception of *Recall Bennett Com. v. Bennett et al.,* 196 Or 299, 249 P2d 479 (1952), in which the officials were only nominal parties.

Finally, this court has previously refused to entertain challenges to the constitutionality of criminal statutes by criminal defendants where such defendants were not in the class of persons with a bona fide standing to challenge the constitutionality of the statutes on the grounds asserted. *See, State v. Schulman,* 6 Or App 81, 485 P2d 1252, Sup Ct *review denied*

(1971), and *State v. Drummond,* 6 Or App 558, 489 P2d 958 (1971).

For these reasons, I would affirm the judgment below.