Decided 3 June, 1902.

## COUGHANOUR v. HUTCHINSON.

[69 Pac. 68.]

EVIDENCE TO JUSTIFY REFORMATION OF A DEED.

1. The undisputed evidence as to the mutual mistake alleged in the complaint was quite sufficient to justify a reformation of the deed in question.

DISMISSAL OF FORECLOSURE SUIT AS A RELEASE OF THE MORTGAGE.

2. A part of a tract of mortgaged land was sold to plaintiff, but the deed misdescribed the land so that plaintiff had no record title thereto. The mortgagee, on commencing foreclosure proceedings, made plaintiff a party, but, on finding that he had no record title, dismissed as to him. *Held,* not to be a release of any of the mortgagee's rights as to the land conveyed to plaintiff.

MORTGAGE FORECLOSURE—EFFECT OF OMITTING SUBSEQUENT PURCHASERS.

3. In mortgage foreclosures all persons who have become interested in the property subsequent to the execution of the mortgage should be made parties, and the interests of those of such persons as are not brought in are not affected by the decree.

RIGHT OF POSSESSION OF PURCHASER AT MORTGAGE SALE.

4. A purchaser at a sale under a decree of foreclosure of a lien is entitled to retain possession, as against the mortgagor and all persons claiming under him, until the debt is paid.

DECREE MUST FOLLOW THE PLEADINGS.

5. Judgments and decrees must follow the pleadings on which they are based, and even a court of equity having jurisdiction cannot grant relief beyond or other than that justified by the pleadings.

From Union: ROBERT EAKIN, Judge.

This is a suit by W. A. Coughanour against Jas. H. & W. R. Hutchinson and Jas. Welch and wife to reform a deed and for possession of real property. On January 31, 1885, the defendants Welch and wife mortgaged certain lands in Union County, including the south half of the northwest quarter and the north half of the southwest quarter of section 22, township 6 south, range 38 east, Willamette Meridian, to the defendants Hutchinson to secure the payment of a promissory note for $3,450. In July, 1886, they sold and conveyed all of the mort-

gaged premises, except that portion above described, to Marshall, Ramsey, and Hall, who agreed, as a part consideration therefor, to pay and discharge the Hutchinson mortgage. On May 25, 1887, Welch and wife sold and intended to convey that portion of the mortgaged premises above described to the plaintiff in this suit, but by mutual mistake the deed did not include the property intended to be conveyed. On December 24, 1889, the Hutchinsons commenced a suit to foreclose their mortgage, making Welch and wife, Marshall, Ramsey, and Hall and the plaintiff parties; but the plaintiff was not served with process, and did not appear in the suit. After an answer had been filed by Welch, and pending the trial, it was ascertained that the plaintiff had no interest of record in the mortgaged property. The suit was thereupon dismissed as to him, and an agreement reached by which no personal judgment should be taken against Welch. It was thereupon stipulated that the Hutchinson brothers should take a decree foreclosing the mortgage, but no personal decree against Welch, in pursuance of which a decree was rendered on the 23d of September, 1890, against Marshall, Ramsey, and Hall for the amount due on the note secured by the mortgage, and for a foreclosure and sale of the mortgaged premises. An execution was thereafter issued, and the entire property was sold for $2,500 on November 21, 1890, to the Hutchinsons, who immediately entered into, and have ever since remained in, possession thereof. Some time about February 1, 1900, the plaintiff discovered the error in his deed from Welch, and thereupon brought this suit to have it corrected, and for possession of the property intended to be conveyed thereby, and an accounting for the rents and profits thereof. The complaint alleges the sale by Welch to the plaintiff, the mutual mistake in the deed, and the discovery of the error about the time the suit was commenced; that in November, 1890, the Hutchinsons wrongfully, unlawfully, and without authority of the plaintiff, took possession of the property, and have ever since retained and held the same from him; that the use thereof is worth the sum of $100 a year, by reason of which the plaintiff has been dam-

aged in the sum of $600,—and asks for a decree reforming the conveyance, and requiring the Hutchinsons to surrender possession of the property to the plaintiff, and for the sum of $600, the rental value thereof.  The answer of the Hutchinsons denies the material allegations of the complaint, and, for an affirmative defense, sets up the mortgage to them by Welch and wife, the foreclosure thereof, and the subsequent proceedings resulting in a decree, the issuance of an execution, the sale of the property thereunder and its purchase by the Hutchinsons, their entry into possession, and the confirmation of the sale.  Welch and wife also filed an answer, in which they admit the execution of the mortgage, the foreclosure thereof, the sale of the property, the purchase by the Hutchinsons, and their entry into possession, and, for a further and separate defense, allege, in effect, that after the commencement of the foreclosure suit, and prior to the decree therein, it was agreed by the Hutchinsons and Welch that the former should have a decree foreclosing their mortgage upon releasing their lien upon the land now in controversy, and waiving a claim for a personal decree against Welch; that it was intended to embody such agreement in a written stipulation filed in the foreclosure suit, but, by a mistake of the attorneys who drew it up, it was stated that a decree might be taken foreclosing the mortgage upon all the lands described therein.  It is also alleged that, at the time of the making of such stipulation and the entry of the decree, the Hutchinsons knew that the plaintiff had and claimed an interest in the land in controversy, and was in possession thereof.  Plaintiff's reply to the answer of the Hutchinsons is of like tenor.  A reply filed by the Hutchinsons puts in issue the material allegations of Welch's answer. Upon the testimony taken, the court entered a decree reforming the conveyance set up in the complaint so as to include the property intended to be conveyed thereby, but denying the prayer for its possession, and from this decree the plaintiff and the defendants Welch appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. J. D. Slater.*

For respondents there was a brief and an oral argument by *Mr. Leroy Lomax.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

There are two questions of fact to be determined: The defendants Hutchinson insist that the proof is not sufficient to authorize the reformation of the deed from Welch and wife to the plaintiff, and the plaintiff and defendant Welch contend that it was agreed and stipulated at the time the decree of foreclosure was entered that the property in controversy should be released from the lien of the mortgage and decree.

1. Welch testified that in 1887 he sold and intended to convey to the plaintiff what is known as the "Pilcher Place," being part of the premises described in the mortgage; that he handed the Pilcher deed to the notary to obtain a description from it, and supposed that the land was correctly described; that he first learned of the mistake a short time before this suit was commenced. The plaintiff testified that he bought the Pilcher place and two other tracts of land, adjoining the Town of North Powder, from Welch, and supposed they were properly described in the deed until a short time before he commenced this suit; that, some time prior to the commencement of the foreclosure suit by the Hutchinsons, he went into possession, and rented the land to a man living on an adjoining farm. These witnesses are not contradicted in any way, so that it is clear there was an error in the deed from Welch to the plaintiff, which occurred through the mutual mistake of the parties, and the court was manifestly right in decreeing that it be reformed.

2. There is no testimony that the Hutchinsons ever agreed to release any part of the mortgaged premises. After the suit to foreclose was commenced, it was ascertained from an examination of the record by the attorneys for the Hutchinson

brothers and Welch that plaintiff had no record title to any of
the mortgaged property; and in accordance with the infor-
mation thus obtained, and without any knowledge of the real
facts, the suit was dismissed as to the plaintiff.   It is quite
clear that it was not intended by any of the parties that the
plaintiffs in the foreclosure suit should release any of the
property described in the mortgage, and there was no mistake
in this regard in the stipulation.   It was made in accordance
with what the attorneys supposed to be the facts in the case,
and with no intention that the Hutchinsons should surrender
any of their rights under the mortgage.

3. The remaining question is as to the decree that should be
entered in this suit.   There is evidence tending to show that
at the time the foreclosure suit was commenced the Hutchin-
sons had either actual or constructive notice that plaintiff
claimed some interest in or title to a portion of the mortgaged
premises.   If this was so, they should have made him a party
to the foreclosure suit, in order to bar his claim to the prop-
erty, and, not having done so, his interest is in no way affected
by the decree: *Webb* v. *Maxan,* 11 Tex. 678.

4. But as the holders of the legal title were parties to the
suit, the sale under the decree was effective to convey such title
to the purchasers, and the plaintiff is not entitled by reason
of his equitable title to possession as against them.   The
Hutchinsons, having purchased under the decree and entered
into possession of the property, have a right to retain it, as
against the mortgagor and all persons claiming under him,
until their debt is paid: 1 Jones, Mortg. § 115; *Cooke* v.
*Cooper,* 18 Or. 142 (22 Pac. 945, 7 L. R. A. 273, 17 Am. St.
Rep. 709).

5. The plaintiff's remedy is either to redeem, or perhaps by
a suit to compel the Hutchinsons to elect whether they will
accept the amount due on their mortgage, or release the land
claimed by him: *Wilson* v. *Tarter,* 22 Or. 504 (30 Pac. 499).
But this is not a suit for permission to redeem, or for the pur-
pose of compelling an election by the defendant; and it is not
believed that the court is authorized, under the pleadings or

the evidence, to make such a decree. Where a junior lien holder or an equitable owner of the mortgaged premises is not made a party to the foreclosure suit, he is entitled to redeem from the purchaser under the decree by paying the amount of the mortgage debt, interest, taxes, assessments, and prior incumbrances paid by the purchaser, with such expenses as he may have incurred in the matter of necessary repairs, and in some instances permanent improvements, less the rents, issues, and profits: *Poole* v. *Johnson,* 62 Iowa, 611 (17 N. W. 900) ; 2 Jones, Mortg. § 1075; 11 Am. & Eng. Ency. Law (2 ed.), 226, 235, 237. It is essential, however, that a bill to redeem should contain appropriate allegations upon which these matters can be determined and an accounting had, and it must also either make a tender, or at least contain an offer to pay whatever may be found due: 2 Jones, Mortg. § 1095. The complaint in this case does not mention the mortgage of the Hutchinsons, or concede that there is anything due thereon. It contains no allegations upon which an accounting can be had, nor averment of an offer to pay. It is confined solely to the question of the reformation of the deed from Welch to the plaintiff, and the possession of the property. The plaintiff does not rely upon the right of redemption, but seeks to establish a legal title to the land, and to obtain possession thereof. A court of equity delights, when possible, to do full and complete justice between the parties in a suit; and therefore, having acquired jurisdiction for one purpose, it will ordinarily retain it for all purposes necessary to accomplish that object: 1 Pomeroy, Eq. Jur. § 181. But it must confine its relief to the issues made by the pleadings, and is as much bound to observe the rules of pleading as a court of law. The plaintiff is entitled to have the deed from Welch reformed so as to describe the land intended to be conveyed, but is not entitled to a decree for the possession of the land; so that it must be determined in some appropriate proceedings . brought for that purpose whether, under the facts and the law, he can now redeem. The decree of the court below is therefore affirmed.

Affirmed.