Argued October 28, affirmed December 19, 1952, petition for
rehearing denied February 11, 1953

# LEWIS *v.* MILLER

### 251 P. 2d 876

*E. R. Ringo,* of La Grande, argued the cause and filed briefs for appellant.

*Carl G. Helm, Jr.,* of La Grande, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

WARNER, J.

This is a suit for reformation of a crop lease and for a judgment for the reasonable value of summer fallow existing at the termination of the lease agreement. From a judgment in favor of the lessee on both counts, the lessor appeals.

Z. R. Lewis, the plaintiff-respondent, and W. D. Miller, the defendant-appellant, hereinafter respectively called "Lessee" and "Lessor", on October 1, 1943, entered into an agreement of lease and rental of Lessor's farm lands situated near Alicel in Union county, Oregon. The lease was for a term of five years but was later extended by written agreement for a

period which ended October 1, 1951. The property at that time was relinquished by the Lessee to the Lessor.

The instant litigation springs from the provisions of the fifth paragraph of the lease relating to compensation for the summer fallow on the farm at the time of the termination of the lease. This paragraph, as originally written in the lease executed by the Lessor and Lessee, reads:

"It is agreed between the parties hereto that if at the termination of this lease, and the lessee does not release said premises, that should the lessee at that time have summerfallowed a part of said premises or have a part of the same seeded to the fall crop and the Lessors and the Lessee to succeed the present Lessee cannot agree upon a reasonable price for said summerfallow and/or said seeded crop, then and in that event, the Lessors and/or the parties designated by him, may select one disinterested party, and the Lessee may select one disinterested party, and they to select a third disinterested party, and said matter to be arbitrated and the parties hereto bind themselves to accept the finding of the board of arbitration."

The Lessee, during the crop year of 1951 and prior to the termination of the lease in October of that year, summer fallowed approximately 510 acres of the property which had been in crop during the crop year of 1950. He claimed that it was of the reasonable value of $25 per acre or a total of $12,750 and under the provisions of the foregoing paragraph he was entitled to receive payment in that amount from the Lessor. Lessor rejected the demand, disclaiming any liability to Lessee under the lease and particularly under the provisions of the fifth paragraph.

Lessor's rejection of Lessee's demand provoked the instant litigation. The Lessee brought suit on four

counts, the last one of which was later abandoned. The remaining three counts may be summarized as follows: The first was for a declaratory judgment determining that the Lessor was obligated to pay the reasonable value of Lessee's summer fallow on the premises as of October 1, 1951, and for a further determination that in the event the parties could not agree between themselves on the reasonable value, they be required to arbitrate the value in the manner provided in the lease. The second cause, pleaded as an alternative to the declaratory judgment prayed for in the first cause of suit, was for a reformation of the fifth paragraph of the lease so as to state more accurately and exactly the mutual agreement of the parties as to the methods under which the arbitration provisions could be invoked. It was the Lessee's contention, as reflected by his complaint, that the parties had, prior to the execution of the lease, agreed:

> "* * * that in event plaintiff could not agree with defendant and the succeeding tenant of the premises leased upon the reasonable value of the summer fallow or seeded crop defendant, or the parties designated by him, might select one disinterested party and plaintiff might select one disinterested party, these two to select a third disinterested party, and the question of the reasonable value of such summer fallow or seeded crop be submitted to arbitration."

The third cause of suit was for judgment in the amount of $12,750 as the reasonable value of the summer fallow.

The Lessor's answer specifically and generally disclaimed any liability whatsoever to the Lessee under the lease agreement.

The trial ended with a judgment and decree in favor of the plaintiff Lessee. The decree provided for

the reformation of paragraph five of the lease so as to read as follows:

"It is agreed between the parties hereto that if at the termination of this lease, and the Lessee does not release said premises, that should the Lessee at that time have summer fallowed a part of said premises or have a part of the same seeded to the fall crop and the Lessee and the Lessee to succeed the present Lessee cannot agree upon a reasonable price for said summer fallow and/or seeded crop, than [sic] and in that event, the Lessors and/or the parties designated by him, may select one disinterested party, and the Lessee may select one disinterested party, and they to select a third disinterested party, and said matter to be arbitrated and the parties hereto bind themselves to accept the findings of the board of arbitration."

Plaintiff Lessee was also given judgment against the defendant Lessor for $12,750. It is from this judgment and decree that the Lessor appeals.

Prior to answering Lessee's complaint, defendant filed a demurrer which challenged the complaint on the following grounds: (1) that each separate cause was insufficiently stated; (2) that the court was without jurisdiction; (3) that there was a defect of parties; and (4) that the several causes of suit or action were improperly united. The court's order overruling the demurrer is made one of appellant's assignments of error.

■ The first three grounds of the demurrer are not argued here and well that might be, for an examination of the complaint indicates that they are without merit. Moreover, a demurrer to an application for a declaratory judgment, on the ground that an application does not state sufficient facts to constitute a cause of suit or action, should be overruled if the application for a

declaratory decree does in fact, as here, state a justiciable controversy between the parties, even though the plaintiff is not entitled to relief. *Webb v. Clatsop Co. School Dist. 3,* 188 Or 324, 332, 215 P2d 368; *Cabell et al. v. Cottage Grove et al.,* 170 Or 256, 261, 130 P2d 1013, 144 ALR 286; *Central Or. Irr. Dist. v. Deschutes Co.,* 168 Or 493, 507, 124 P2d 518.

The fourth ground for the demurrer compels our attention. In this case we have three claims for relief, the first for a declaratory judgment, the second for reformation and the third for a money judgment, all reflected by a pleading of three counts.

It is appellant's contention, and properly so, that § 1-911, OCLA, proclaims what actions at law may be united and that § 9-115, OCLA, provides for the union of suits in equity. From this he concludes that because of the character of plaintiff's several claims, they are improperly united.

At the outset it should be observed that each of the three separately stated causes is related to and springs from the same contract between the same parties. The real question raised by the demurrer is whether or not the third cause of action for a money judgment can be united with either of the other two causes, that is, the first cause for a declaratory judgment or the second cause in equity for reformation. Defendant's principal argument is that such a joinder of causes denies to him his right to a trial by jury.

We will first view the complaint as a suit for a declaratory decree united with an action for a money judgment as supplemental or incidental relief.

■ In *Consolidated Freightways, Inc. v. Flagg,* 180 Or 442, 455, 176 P2d 239, 177 P2d 422, we quoted with

approval from Anderson, Declaratory Judgments, 160, § 56, as follows:

> " 'The only sound position that can be taken with respect to such classification [i.e., whether declaratory judgment actions are strictly equitable or strictly legal] is that it partakes of the properties of both legal actions and suits in equity, and that the court will apply the rules with respect thereto as the nature of the case seems to demand; *that at times a declaratory judgment action may properly be classified as legal, carrying with it the attendant right to a jury trial;* and that at other times, it may correctly be designated as a suit in equity, warranting the issuance of an injunction, and authorizing the granting of extraordinary relief generally.' " (Italics ours.)

This concept as expressed by Anderson finds support in the Uniform Declaratory Judgment Act. Section 6-609, OCLA, reads:

> "When a proceeding under this act involves the determination of an issue of fact, *such issue may be tried and determined in the same manner as issues of fact are tried and determined in other actions at law* or suits in equity in the court in which the proceeding is pending." (Italics ours.)

*Dickinson v. General Accident F. & L. Assur. Corp.,* 147 F2d 396, 397 (9th Cir. 1945), is an interesting holding upon the use of juries in declaratory judgment proceedings. The suit there sought a declaration of rights under a policy of automobile liability insurance issued to a driver who was involved in an automobile accident in which several persons were injured. After the issues had been formed, the court impaneled a jury which returned two verdicts. One of the two was in favor of one of the victims. The trial court, deeming the verdicts as purely advisory, rejected them and

entered judgment in favor of the insurer. In holding that course erroneous, the decision said:

> "* * * The right to a jury trial of factual issues ordinarily triable to a jury is expressly preserved by the declaratory judgment statute. In the absence of the procedure for declaratory relief it is plain that the issues here litigated could have been developed only in an action at law on the policy. A party may not, merely by reversing the normal procedure, deprive his adversary of the right which would otherwise be his to have his case determined by a jury. * * *."

An examination of plaintiff's complaint discloses that the relief requested under the second cause (for reformation) was in the alternative to the relief prayed for under the first cause (for a declaratory judgment). The record further discloses that the court, in the exercise of its proper discretion, apparently rejected the first plea and, sitting as a chancellor, heard the second and third causes on the equity side of the court, with the resultant decree of reformation and money judgment in favor of the plaintiff.

■■ This situation brings us to a consideration of whether or not the suit for reformation could be properly joined with the cause for a money judgment. Under the circumstances present here, the answer must be in the affirmative. As we have previously observed, both the second and third causes were between the same parties and related to the same contract. Indeed, the claim for the money judgment rests upon the very provisions of the lease paragraph sought to be reformed.

We have recently had occasion to review and pass upon the precise question raised by defendant's demurrer, i.e., when legal relief will be granted in a

matter wherein equity has acquired jurisdiction. See *Walker v. Mackey* and *Powell et al. v. Sheets et al.*: (both decided December 3, 1952) wherein will be found an exposition of the law applicable and exemplifications of when equity will and will not give legal relief. In the Walker case we quoted from *Oregon Growers' Co-op. Assn. v. Riddle,* 116 Or 562, 569, 241 P 1011, as follows:

" 'When a court of equity has acquired jurisdiction over some portion of a controversy, it will proceed to decide the whole issue and award complete relief, though the rights of the parties are strictly legal and the final remedy is of a kind that may be granted by a court at law: Shultz v. Shively, 72 Or. 450 (143 Pac. 1115) ; Templeton v. Bockler, 73 Or. 494 (144 Pac. 405) ; O. W. R. & N. Co. v. Reed, 87 Or. 398 (169 Pac. 342, 170 Pac. 300) ; Phez Co. v. Salem Fruit Union, 103 Or. 514, 545 (201 Pac. 222, 205 Pac. 970, 25 A.L.R. 1090). * * *.' ' "

In the annotations found in 66 ALR 777, we find the following statement under the caption "Reformation and enforcement in same action": "A contract may, according to the weight of authority, be reformed and a recovery had on the same as reformed, in the same action"; and also, on page 778:

"There are numerous cases in which the court held proper a judgment or decree reforming a written instrument, and permitting a recovery upon the instrument as reformed, or giving effect to the same by way of defense, or in which the court apparently recognized the propriety of joining in the same action these two elements of relief, but in which there was no discussion or express holding concerning the question. * * *."

This last statement is supported in part by citation to the following Oregon cases: *Boardman v. Insurance Co. of Pa.,* 84 Or 60, 164 P 558; *Coughanour v. Hutch-*

*inson,* 41 Or 419, 69 P 68; and *Foster v. Schmeer,* 15 Or 363, 15 P 626.

The fact that the claim for a money judgment under the contract was pleaded as a separate count does not, in our opinion, change the situation, for the reason that the third count could have been properly pleaded as an integral part of the second count. A pleader may state his cause in as many ways as he sees fit in separate counts. 41 Am Jur, Pleading, 363, § 106. Indeed, we find in the same authority, at page 364, this statement:

> "* * * Words designating an allegation of a complaint as 'a separate and second cause of action' may be disregarded where it is apparent that the allegation was intended, not as a second cause of action, but only to show the extent, form, and nature of the relief to which the complainant was entitled, provided, of course, the substantial rights of the parties will not be affected by so disregarding it."

Also see 71 CJS, Pleading, 213 et seq., § 88.

The court was not in error in overruling defendant's demurrer.

Defendant asserts that the court erred in granting reformation of the lease. When we refer to the decree and compare the provision there made with the corresponding paragraph five in the lease as originally written, we discover that the reformation provided by the decree consisted of changing only one word, i.e., the word "Lessors" to read "Lessee". The phrase of the paragraph in which "Lessors" appears, before the reformation, read, "and [if] the Lessors and the Lessee to succeed the present Lessee cannot agree upon a reasonable price for said summerfallow * * * then and in that event". In short, the foregoing phrase established the condition precedent necessary for the

invocation of the arbitration clause which followed and, as the lease first read, required a preliminary conference between the landlord and the incoming tenant to establish by agreement, if possible, a price for the summer fallow which the landlord was bound to pay to the outgoing tenant. The only effect of the court's substitution of the word "Lessee" for the word "Lessors", at the point in the lease indicated, would be to make this preliminary price conference one to be had by and between the outgoing tenant and the incoming tenant.

■ An examination of the entire record convinces us that the reformation was warranted. It will be observed, however, that the reformation did not disturb the defendant's prime obligation to pay such price for the summer fallow as might be agreed upon between the plaintiff and an incoming tenant or, in the absence of such an agreement, such price as might be established by arbitration.

■ The defendant relinquished all right to insist upon an arbitration as a condition precedent to payment. Before suit, he refused plaintiff's offer to arbitrate on the ground that "there is nothing to arbitrate" and later failed to file a plea in abatement seeking to enjoin plaintiff's suit until arbitration might be had in accordance with the terms of the lease agreement (§ 11-604, OCLA) but, on the contrary, filed an answer to the merits. When one makes answer to the merits of a cause, the plea in abatement is considered waived. *Empire Holding Corp. v. Coshow,* 150 Or 252, 265, 41 P2d 426, 43 P2d 907, 45 P2d 167; *Dufer Oil Company v. Enos,* 59 Or 528, 535, 117 P 457; *Chamberlain v. Hibbard,* 26 Or 428, 432, 38 P 437.

■ No serious question arises as to the obligation of the defendant to pay the reasonable value of the

summer fallow. The defendant himself does not quibble his duty in that respect but does contend that the value of the summer fallow, as determined by the court, was unreasonable. There was abundant evidence from disinterested witnesses, most of whom were experienced farmers living in the immediate vicinity of the property covered by the lease, which warranted the court in finding that plaintiff's summer fallow was worth not less than $25 per acre or an aggregate of $12,750, for which judgment was given.

The decree is affirmed.