HUPP, *Appellants,*
*v.*
SCHUMACHER et al, *Respondents.*
(No. 95950, CA 6931)

562 P2d 217

Myer Avedovech, City Attorney, Milwaukie, argued the cause and filed the brief for appellants.

Keith Kinsman, Assistant County Counsel, Oregon City, argued the cause for respondents. With him on the brief was Clackamas County Counsel, Oregon City.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiffs, who are the City of Estacada and the City Council of Milwaukie, appeal from an adverse ruling on demurrer in this declaratory judgment proceeding. The trial court ordered that

"* * * defendants' Demurrer be allowed in its entirety for the reason that the Complaint fails to state facts sufficient to constitute a cause of action."

The essential facts are as follows:

Since 1945 Clackamas County has provided a variety of support services to the various municipal libraries within the county, including the libraries of Milwaukie and Estacada. In December of 1975 the Milwaukie City Council adopted a resolution requiring an annual fee of $15 per family for nonresident users. Shortly thereafter the city council of the city of Estacada passed a similar resolution. On January 27, 1976, the defendant Clackamas County Board of County Commissioners passed Orders 76-103 and 76-123, which established fee schedules charging both the Milwaukie City Library and the Estacada City Library substantial fees for cataloguing and loan services, services which had previously been performed without charge by the Clackamas County Library.

The county's action led to the filing of this proceeding. The complaint contains eight counts and alleges a variety of asserted violations. It alleges violations of Art I, §§ 20, 21 and 33 of the Oregon Constitution, the Fourteenth Amendment to the United States Constitution, statutory violations of ORS 357.490(2) and (7), a failure to notify, a violation of the Clackamas County Library statement of policy, imposition of an unequal tax, failure to append an emergency clause, a lack of standing on the part of the county to "interfere with a voluntary agreement between Plaintiff Cities and County residents," lack of fairness and the imposition of a special fee.

[ 11 ]

In *Lewis v. Miller,* 197 Or 354, 251 P2d 876 (1952), the Oregon Supreme Court reiterated the rule that

"* * * a demurrer to an application for a declaratory judgment, on the ground that an application does not state sufficient facts to constitute a cause of suit or action, should be overruled if the application for a declaratory decree does in fact * * * state a justiciable controversy between the parties, even though the plaintiff is not entitled to relief." Citing *Webb v. Clatsop Co. School Dist. 3,* 188 Or 324, 215 P2d 368 (1950); *Cabell et al. v. Cottage Grove et al.,* 170 Or 256, 130 P2d 1013, 144 ALR 286 (1942); and *Central Or. Irr. Dist. v. Deschutes Co.,* 168 Or 493, 124 P2d 518 (1942). 197 Or at 358-59.

In *Harrison v. Port of Cascade Locks,* 27 Or App 377, 556 P2d 160 (1976), Sup Ct *review denied* (1977), we observed that it is generally held that a demurrer based on a failure to state a cause of action is an inappropriate pleading in a declaratory judgment proceeding and noted an apparent conflict raised by language in *Webb v. Clatsop Co. School Dist. 3, supra,* to the effect that a demurrer is appropriate in this type of proceeding if the complaint is vulnerable upon any of the statutory grounds of demurrer, including failure to state a cause of action.

■ We conclude that a demurrer to a declaratory judgment complaint for failure to state a cause of action is inappropriate when a justiciable controversy exists, even though the plaintiff is not entitled to relief. The issue, then, in this case is not whether plaintiffs have stated a cause of action but whether a justiciable controversy exists.

An examination of defendants' brief indicates that the objection to the complaint is not that one or more of the aspects of justiciability are absent but that plaintiffs' pleading is defective in that they have failed to allege a justiciable controversy.

■ A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to legal rights and duties of the respective parties. *Carson Admx. v. McMahan*

*Admr.,* 215 Or 38, 332 P2d 84, 73 ALR2d 981 (1958); 1 Anderson, Declaratory Judgments 588, § 253 (2d ed 1951).

> " 'The existence of an "actual controversy relating to the legal rights and duties of the respective parties," made by statute a condition of the right to declaratory relief, is shown by a pleading which states facts from which it is manifest that there is such a controversy, though the plaintiff does not allege that it exists.' " *Recall Bennett Com. v. Bennett et al.,* 196 Or 299, 319, 249 P2d 479 (1952); *Tolle v. Struve,* 124 Cal App 263, 12 P2d 61 (1932).

The only case cited by defendants is *Oregon Cry. Mfgs. Ass'n v. White,* 159 Or 99, 78 P2d 572 (1938). Defendants contend that "* * * [t]hat case summarized the requirements for a justiciable controversy. Respondents [defendants] argue that appellants have pled none of the elements set forth in the case." Defendants are apparently referring to the following recitation of the elements of justiciability:

> " 'The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and, (4) the issue involved in the controversy must be ripe for judicial determination.' " 159 Or at 107-08.

■ While we agree that these are elements of justiciability, it does not follow that plaintiffs, in order to survive demurrer, must recite each of the elements in the complaint.

■ Pleadings in a declaratory judgment proceeding must be liberally construed and when the pleadings reveal the existence of a real controversy by implication rather than by express averment, the trial court has power to render a declaratory ruling. 22 Am Jur2d

[ 13 ]

951, Declaratory Judgments § 87 (1965). *See also,* 1 Anderson, Declaratory Judgments 579-609, §§ 250 to 259 (2d ed 1951).

■ While the pleading in this case may not qualify as textbook examples of artful pleading, nevertheless we conclude that a justiciable controversy exists and that the pleading sufficiently indicates the nature of the controversy and the adversary positions of the parties. After alleging the identity and functions of the parties and the resolutions of the cities and orders of the county, the First Count (XI) of the complaint recites:

> "The orders of the County Commissioners, No. 76-103 and 76-123 are challenged on the grounds that they are in conflict with Article I, Sections 20, 21 and 33 of the Oregon State Constitution and Amendment XIV, Section 1 of the United States Constitution."

In the Second Count (XIII) plaintiffs aver:

> "That the defendants are in violation of ORS 357.490(2) and (7) by not consulting with the Clackamas County Library Board prior to their issuing Orders No. 76-103 and 76-123. The defendants have a legal duty to consult with the Clackamas County Library Board prior to changing the manner of operation."

These expressions of legal theory by plaintiffs do not obscure the fact that the parties have adverse legal interests and that an actual controversy exists between the parties. Defendants do not claim otherwise. We decline to adopt technical pleading requirements in a declaratory judgment context where it is manifest that a justiciable controversy exists. Plaintiffs have stated the existence of a controversy and are entitled to a declaration of rights. *Cabell et al. v. Cottage Grove et al.,* 170 Or 256, 130 P2d 1013, 144 ALR 286 (1942).

Reversed and remanded.