Argued and submitted August 27, 1979, affirmed January 28, 1980

GREEN, et al,
*Appellants,*
*v.*
COX, et al,
*Respondents.*

(No. A7809-14709, CA 13220)

605 P2d 1198

Howard R. Hedrick, Portland, argued the cause for appellants. With him on the briefs was Dana R. Taylor, Portland.

Marvin S. Nepom, Portland, argued the cause and filed the brief for respondents.

[183]

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

Thornton, J., dissenting opinion.

## TANZER, P. J.

Plaintiffs appeal from an order sustaining a demurrer to their complaint for declaratory judgment. The demurrer was for failure to "state facts sufficient to constitute a cause of action." The only allegations of the complaint which are material on this appeal are that an interlocutory order, affirmed on appeal, foreclosed plaintiff's interest in certain property unless a certain sum plus interest and real property taxes are paid and that the payments were thereafter timely made.[1]

[1] The complaint alleges:

"I

"This is a proceeding for declaratory relief under ORS Chapter 28 for the purpose of determining a question and actual controversy between the parties.

"II

"On December 23, 1976, an interlocutory decree was entered by this court (case number A7606-07755) ordering plaintiff to pay to the clerk of the court $17,220.03 together with interest at 6% per annum from September 1, 1976, until paid, and $6.739.17 real property taxes within 120 days, or be forever barred and foreclosed of all interest in certain real property, which real property is described as follows: Lot 2 BURBANK, in the County of Multnomah, State of Oregon, hereinafter referred to as 'the real property.'

"III

"On January 19, 1977, plaintiff filed a notice of appeal together with a supersedeas bond.

"IV

"The mandate from the Court of Appeals, affirming the interlocutory decree, was filed in Multnomah County on December 13, 1977.

"V

"On April 3, 1978, plaintiffs paid to the clerk of the court $26,568.13 pursuant to the interlocutory decree.

"WHEREFORE, plaintiffs pray:

"(1) That a declaratory judgment be rendered and entered declaring and adjudicating the respective rights and duties of the plaintiffs and the defendants in and relative to the real property; and further declaring that plaintiffs are the owners of the real property.

"(2) For an order requiring defendants to deliver to plaintiffs a deed to the real property.

"(3) For plaintiff's costs and disbursements incurred herein.

The essential elements of any cause of action for declaratory judgment were set out in *Oregon Cry. Mfgs. Ass'n v. White,* 159 Or 99, 107-108, 78 P2d 572 (1938):

> " 'The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and, (4) the issue involved in the controversy must be ripe for judicial determination.' "

*See also Hupp v. Schumacher,* 29 Or App 9, 13, 562 P2d 217 (1977). The bare allegation that plaintiff was foreclosed and paid his redemption money is insufficient, to say the least, to allege facts indicating the existence of a "justiciable controversy," let alone one which is "ripe for judicial determination." A complaint for declaratory judgment need not allege very much to withstand demurrer, *see Hupp v. Schumacher, supra,* 29 Or App at 12, *Harrison v. Port of Cascade Locks,* 27 Or App 377, 379 n 1, 556 P2d 160 (1976), but it must at least allege the existence of a controversy and this one does not.[2]

Accordingly, we hold that the demurrer was correctly sustained.

Affirmed.

"(4) For such other and further relief as the court may deem proper."

A prayer may be relevant to explain the nature of a cause of action alleged in a body of the complaint, *Finch v. Miller, Credithrift,* 271 Or 271, 275, 531 P2d 893 (1975), but it cannot supply otherwise nonexistent allegations. Here, the prayer implies that defendants have title, but there is not an allegation of that fact let alone an allegation challenging the legality of defendant's title or describing a controversy.

[2] Paragraph I might be read as a general conclusion as to the existence of a controversy, but it would stretch judicial balance past any reasonable limit to accord the passing reference in Paragraph I the status of a well-pleaded fact.

**THORNTON, J.,** dissenting.

Contrary to the majority, I am of the opinion that a justiciable controversy exists between the parties and that the complaint does state a cause of action for declaratory relief under prior decisions. *Hupp v. Schumacher,* 29 Or App 9, 12, 562 P2d 217 (1977), and authorities collected therein.

The gravamen of the complaint was as follows:

That the property involved had previously been foreclosed upon in the Circuit Court of Multnomah County; that after an unsuccessful appeal to this court, plaintiffs tendered into circuit court the sum of $26,568.13 pursuant to the decree.

Defendants demurred to plaintiffs' complaint "on the ground that the complaint does not state facts sufficient to constitute a cause of action." In addition, defendants appended to their demurrer an additional statement, the thrust of which was as follows: That there is no justiciable controversy; that the matter has already been fully litigated and resolved in defendants' favor in the prior proceeding; that plaintiffs had again tried unsuccessfully to relitigate the matter in circuit court and this court; "that there are no disputed facts to be adjudicated and all issues of law have been resolved and are res judicata between the parties * * *."

The trial judge entered an order sustaining the demurrer on two grounds: first, on the ground that the complaint did not state sufficient facts to constitute a cause of action, and second, that the court has discretion in determining whether to exercise its jurisdiction in a declaratory judgment proceeding, and that the court was exercising its discretion not to exercise jurisdiction in this proceeding.

In *Hupp v. Schumacher, supra,* this court observed:
   " * * * [A] demurrer to a declaratory judgment complaint for failure to state a cause of action is inappropriate when a justiciable controversy exists,

[187]

even though plaintiff is not entitled to relief. The issue, then, in this case is not whether plaintiffs have stated a cause of action but whether a justiciable controversy exists." 29 Or App at 12.

As I read plaintiffs' complaint, plaintiffs have alleged a justiciable controversy, namely that plaintiffs have paid a sum of money into court sufficient to redeem the foreclosed upon real property in issue, and that they are therefore entitled to a deed thereto from defendants. To this extent, then, this is not an attempt to relitigate the previous matter.

In my view, the trial court's refusal to assume jurisdiction in the instant case was an abuse of discretion. Second, I cannot agree with the trial court's apparent conclusion that it has unfettered discretion in determining whether to exercise its jurisdiction in declaratory judgment proceedings. ORS 28.060 provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

Thus, under the Oregon statute where there is in fact a justiciable controversy, the court's discretion to refuse to acquire jurisdiction is not unlimited; it is a discretion based on reason rather than an unfettered discretion. The court not having given any reasons for its actions, its discretionary act would not be entitled to any presumption of validity or regularity. In the absence of any statement of reason for refusing jurisdiction I would decline to attach any such presumption to the court's action. 1 Borchard, Declaratory Judgments 293, et seq (1941); 22 Am Jur 2d, Declaratory Judgments § 9 (1963). *See also* 26 CJS, Declaratory Judgments § 11 (1956).