Argued and submitted April 11, affirmed May 19, 1980

EMERSON, et al,
*Appellants,*
*v.*
DESCHUTES COUNTY BOARD
OF COMMISSIONERS, et al,
*Respondents,*
PETERMAN,
*Intervenor-Respondent.*

(No. 23913, CA 14758)

610 P2d 1259

James S. Drew, Bend, argued the cause and filed the brief for appellants.

Respondents Deschutes County Board of Commissioners, Albert A. Young, Donald P. Grubb and Robert L. Montgomery, waived appearance.

Daniel E. Vanvactor, Bend, argued the cause for intervenor-respondent Peterman. Craig P. Emerson, Redmond, filed the brief for intervenor-respondent Peterman.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Petitioner owns residential property located near the Classic Estates Subdivision in Deschutes County. The subdivision received preliminary plat approval by the county planning commission on March 9, 1977, without notice to those entitled thereto under local ordinance, including petitioner, and without a public hearing. Petitioner first received actual notice of the preliminary plat approval September 28, 1977. On September 1, 1978, the Deschutes County board of commissioners approved the final plat. Petitioner filed a petition on October 2, 1978, for a writ of mandamus to require the board of commissioners to withdraw their approval of the Classic Estates Subdivision. The developer of the subdivision, Don Peterman, moved for and was granted leave to intervene as the real party in interest. The trial court denied the petition for the writ, ruling that petitioner was guilty of laches in allowing over 18 months to elapse before taking formal action to challenge the subdivision. It is this ruling that petitioner assigns as error. We affirm.

The approval of a preliminary plat for a subdivision is a final appealable order, *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904, *rev den* (1977), which may be challenged by writ of review. *Bienz v. City of Dayton, supra.* That remedy expires 60 days after preliminary plat approval. ORS 34.030. It is undisputed here, however, that petitioner did not receive notice of the preliminary approval until after the 60-day limitations period had expired.

Mandamus is a legal remedy in the nature of an action at law. *Buell v. Jefferson County Court,* 175 Or 402, 152 P2d 578, 154 P2d 188 (1944). It is nevertheless an extraordinary remedy awarded not as a matter of right but rather on equitable principles. Although mandamus is not subject to the statute of limitations, *Buell, supra,* a petition may be denied if made after an unreasonable delay prejudicial to the rights of respondent or others interested. *Buell, supra,*

[249]

*Nelson v. Baker,* 112 Or 79, 227 P 301, 228 P 916 (1924), unless the applicant shows just cause for the delay. *Nelson v. Baker, supra.* It is common in mandamus proceedings to apply by analogy statutes of limitations fixed for the underlying civil action. *State ex rel Redden v. Van Hoomissen,* 281 Or 647, 576 P2d 355 (1978); *Nelson v. Baker, supra. Cf. Brooks v. Dierker,* 275 Or 619, 552 P2d 533 (1976)(declaratory judgment); *Allied Vet. Council v. Klamath Co.,* 23 Or App 653, 544 P2d 190 (1975) (declaratory judgment).

The developer offers two theories why the petition was untimely. First, he argues that petitioner should be bound by the 60-day limitations period for the writ of review, to run here from the date petitioner received actual notice of preliminary plat approval. Second, he argues that petitioner is barred from seeking a judicial remedy by laches. We address only the first of these contentions.

Petitioner attempts to justify his delay in filing for the writ by citing his persistent efforts to persuade county planning department officials and members of the board of county commissioners that the preliminary approval was invalid because of the lack of required notice and resulting denial of due process.

The reasons which persuaded the legislature to limit the time for applying for a writ of review to 60 days appear to apply equally well here. It is important that participants in land use proceedings be able to rely on the finality of land use decisions. We see no reason why this petitioner should be able to have more time to vindicate his rights after receiving actual notice of government action affecting those rights than does any other person challenging a local land use decision. Even allowing for the fact that petitioner's initial ventures before county officials may have partaken of the nature of a fact-finding mission, more than six months passed before petitioner received the first written indications that his efforts might be chipping away at the stone wall that had

until then impeded him. During that time, petitioner concedes, the developer spent approximately $7,500 in developing the subdivision pursuant to the requirements of the preliminary plat approval. This work included surveying of which petitioner was aware.

Although we agree with petitioner that citizens should not be penalized for attempting to resolve disputes over local government actions by working within local government channels, petitioner in this instance delayed too long, causing substantial prejudice to the interests of the developer. In contrast, the only damage petitioner contends that he and others in the area have suffered is that they did not get their chance to voice their views on the subdivision.

We conclude that the trial court did not err in refusing to issue the writ.

Affirmed.