Argued and submitted October 1, affirmed November 24, 1980

In the Matter of the City of Prineville's
Decision to sell a Municipal Parking
Lot to George Colovos,

LANE et al,
*Appellants,*
*v.*
CITY OF PRINEVILLE et al,
Respondents.

(No. 11839, CA 17188)

619 P2d 940

Craig P. Emerson, Redmond, waived argument and filed the brief for appellants.

Frederick S. Carman and Powers & Carman, Prineville, filed the brief for respondents City of Prineville and the Prineville City Council.

Brian M. Sullivan, Portland, argued the cause for respondent George Colovos. On the brief were C. David Hall and Rask & Hefferin, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners brought this writ of review proceeding to challenge the defendant city's decision to sell the defendant Colovos municipal property on which the city now operates a parking facility. Petitioners appeal from the trial court's order dismissing the writ. The issue is whether the city council's decision to sell the property pursuant to ORS 271.310(1) was quasi-judicial and therefore judicially reviewable by writ of review, or was legislative in nature. We agree with the trial court's conclusion that the city's action was legislative and is therefore not subject to review in this proceeding.

■ Petitioners rely principally on *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm.,* 287 Or 591, 601 P2d 769 (1979). In that case, the Supreme Court articulated three general tests to aid in determining whether a governmental decision is required to be made in a quasi-judicial proceeding. The tests are (1) whether "the process is bound to result in a decision" 287 Or at 602; (2) whether "the decision is bound to apply preexisting criteria to concrete facts" 287 Or at 602-03; and (3) whether the action "is directed at a closely circumscribed factual situation or a relatively small number of persons." 287 Or at 603. In *Strawberry Hill,* the court applied those tests to ORS 368.405 to 368.620, the county road vacation statutes, and concluded

"* * * that although the county court's action may eventually turn on a discretionary choice, the statutory design sufficiently channels discretion by factfinding procedures and broadly stated criteria to qualify as * * * a 'quasi-judicial' function * * *." 287 Or at 606.

The statutory provision relevant here, ORS 271.310(1), provides:

"Except as provided in subsection (2) of this section, whenever the state or any political subdivision thereof possesses or controls real property not needed for public use, or whenever the public interest may be furthered, the state or political subdivision may sell, exchange, convey or lease for any period not exceeding 99 years all or any part of their interest in the property to or with the state or any political subdivision of the state or the United States of America or any agency thereof or private individual or

corporation. The consideration for the transfer or lease may be cash or real property, or both."[1]

Petitioners appear to acknowledge that that statute does not contain factfinding or other procedural requirements comparable to those set forth in ORS 368.580,[2] the principal provision construed in *Strawberry Hill.* Petitioners argue, however, that the conclusion reached in *Strawberry Hill* applies nevertheless, because the standard of "public interest," which is the guideline to governing body action under ORS 271.310(1), is analogous or identical to the "public benefit" criterion of ORS 368.580.

The *Strawberry Hill* opinion makes it clear that quasi-judicial action was required by the *procedures* under

---

[1] Also relevant is ORS 271.310(3), which provides:

"Real property needed for public use by the state or by any political subdivision thereof owning or controlling the property shall not be sold, exchanged, leased or conveyed under the authority of ORS 271.300 to 271.370, except that it may be exchanged for property which is of equal or superior useful value for public use. Any such property not immediately needed for public use may be leased if, in the discretion of the governing body having control of the property, it will not be needed for public use within the period of the lease."

[2] ORS 368.580 provides:

"(1) On the day set for hearing the report mentioned in ORS 368.570, the county court shall consider the report, together with the petition or resolution and any objection that is made to reducing the road in width or vacating the road.

"(2) If the road may be useful as a part of the general road system not reduced in width, the petition for reduction in width shall be denied, but if the public will be benefited by the reduction in width of the road then the county court may order the reduction in width of the road or any part thereof.

"(3) If the road may be useful as a part of the general road system it shall not be vacated, but if the public will be benefited by the vacation then the county court may vacate the road or any portion thereof.

"(4) If the county court finds that the road or any portion thereof is burdensome to maintain, is not needed as a part of the county road system but should continue to be a public road, and the public will be benefited thereby, and if no person residing on said road and depending thereon for access appears in protest, the county court may by order declare the said road or portion thereof to be a road of public easement and no longer a county road.

"(5) If the county court determines to reduce the width of the road or any part thereof, or to vacate the road or any part thereof, it shall declare the road to be reduced in width or vacated as the case may be and file the order with the county clerk. Thereafter the road shall be reduced in width or vacated as the case may be."

the road vacation statutes, but that the ultimate decision based on the statutory criteria was "discretionary" (*i.e.,* "legislative"). The court stated:

> "Thus, if the present plaintiffs' petition had been limited to allegations that defendants' decision was wrong on the merits because the road 'may be useful as part of the general road system' or because 'the public [would not] be benefited by the vacation,' ORS 368.580, the petition should have been dismissed. Dismissal would be proper, not because the writ was the wrong choice of remedy, but because these are value judgments entrusted to the county court, at least unless it is alleged that the county court has made or adopted findings that are inconsistent with its conclusion. * * *" 287 Or at 608-09.

■ Like ORS 368.580, ORS 271.310(1) establishes general standards to guide the local governing body's decision; however, unlike ORS 368.580, the statute we consider does not "channel discretion" through a particularized procedural format. ORS 271.310(1) requires the governing body to do nothing except exercise its discretion in determining whether property is "needed for public use" or whether the "public interest may be furthered" by its sale. We therefore conclude that the action of the city council under ORS 271.310(1) does not entail an adjudicatory application of preexisting criteria to concrete facts.

Petitioners also argue that the city council's action in selling the property to a single person at his instance and in abandoning a parking facility it has operated for 33 years is a land use decision which affects a small number of individuals and a closely circumscribed factual situation. *Neuberger v. City of Portland,* 288 Or 155, 603 P2d 771 (1979); *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm., supra.* Petitioners argue further that they, as merchants in the city, will be injured because the sale of the current parking lot

> "* * * will substantially interfere with petitioners' business because it will limit prospective customers reasonable access to the petitioners' business establishments."

■ These arguments presuppose that the *sale* of the property is a land use action. Inferentially, petitioners seem to contend that the sale of the parking facility *will* lead to a change in its use and that *that* will constitute a

change in land use. The only record properly before us consists of the pleadings. The writ does not allege whether current zoning would permit any change of use the purchaser may contemplate, or whether he does contemplate any change. In any event, we do not agree with petitioners that the city's decision to sell the property is *in itself* a land use action.[3]

**4.** We conclude that the decision to sell the property was legislative in nature. It follows that the trial court did not err by dismissing the writ.

Affirmed.

---

[3] None of the allegations in the writ indicate that the city took action in connection with the sale of the property which will enable the purchaser to circumvent quasi-judicial rezoning or other proceedings which might otherwise be necessary before the use can be changed. For example, the writ does not allege— and petitioners do not contend—that the city used any immunity it might have from its zoning ordinance to change the authorized uses of the property before transferring it to the buyer.