Argued and submitted September 25, 1981, affirmed in part;
reversed in part and remanded August 25, 1982

# GOOSE HOLLOW FOOTHILLS LEAGUE et al,
*Appellants,*

*v.*

# CITY OF PORTLAND et al,
*Respondents.*

## (No. A8005-02678, CA A20692)

650 P2d 135

Edward J. Sullivan, Portland, argued the cause and filed the brief for appellants.

Stephen S. Walters, Portland, argued the cause for respondent Robert C. Warren. With him on the brief was Joyce A. Harpole, Portland.

Robert L. Hurtig, Portland, attorney for respondents City of Portland and The City Commissioners of Portland, joined in the brief of respondent Robert C. Warren.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

---

* Warden, J., vice Roberts, J.

## YOUNG, J.

In this declaratory judgment proceeding plaintiffs seek a declaration that the City of Portland and its City Commissioners (city) unlawfully sold a parcel of land adjoining Washington Park to co-defendant Robert C. Warren (Warren); they also seek an injunction ordering Warren to restore the property to its former condition. Plaintiffs contend that the land transfer violated ORS 226.370, Section 3.96.060 of the Portland City Code and certain state-wide planning goals. Plaintiffs appeal from a judgment entered after the court struck counts one and two and dismissed count three of the amended complaint.[1]

Goose Hollow Foothills League is a nonprofit corporation. Its purpose is to improve the liveability of the members' neighborhood, pursuant to chapter 3.96, Neighborhood Associations, of the Portland City Code. The league membership consists of persons within the Goose Hollow neighborhood. The area of the neighborhood includes the land transferred to Warren. The individually named plaintiffs are members of the league who own property either adjacent to or within approximately one block of the land sold.

In 1941, First National Bank of Portland deeded the parcel of land to the city. The deed included a recital that the land was "given and donated to the City of Portland for park and playground purposes." The city accepted the deed by ordinance adopted August 27, 1941, which, in part provides,

"* * * that [the] property adjoins Washington Park and can be used advantageously in connection therewith; * * * that the County Commissioners for Multnomah County have signified they are willing to cooperate in connection with any property to be acquired by the city which is to be used for park purposes and that it is in the interest of the public welfare that said deed be accepted * * *."

---

[1] The initial complaint alleged two counts. Warren's motion to dismiss both counts for failure to state ultimate facts sufficient to constitute a claim was granted. An amended complaint with three counts was filed. All defendants moved to strike counts one and two on the ground that they contained no allegations materially different than those alleged in the first complaint and to dismiss count three, because it was time-barred and remedies other than declaratory relief were available. That motion was granted, and plaintiffs declined to plead further. Judgments were entered in favor of defendants.

A second ordinance,[2] adopted July 5, 1979, authorized the city to transfer the property to Warren in exchange for other land on Marquam Hill that was to be used by the City in connection with the Marquam Nature Park Trail. The ordinance provided that the transfer was authorized after a determination that "[t]he Bureau of Parks is unable to use such property for park purposes as the expense of maintaining such property is not appropriate under such circumstances." The city's deed to Warren recited that the consideration for the conveyance was $41,000.[3]

Count one of the amended complaint alleges that the city failed to comply with procedures imposed by ORS 226.370 in that it did not give notice of the proposed sale or receive sealed bids for sale to the highest bidder. This count further alleges that one of the plaintiffs wished to purchase the parcel but could not because of this departure from prescribed procedure. Count two alleges that Section 3.96.060 of the Portland City Code required the city to give prior notice to plaintiffs' association of its decision to transfer the land and that it failed to do so. Count three alleges that the transfer had an adverse impact on plaintiffs' interest in the use and enjoyment of their property contrary to state-wide planning goals and that plaintiffs were prevented from appealing the city's decision to the Land Use Board of Appeals. Defendants' motion to strike and dismiss pursuant to ORCP 21A were granted "in all respects."[4]

---

[2] Before the adoption of the second ordinance the First National Bank of Oregon, successor to the First National Bank of Portland, removed the condition that the parcel be used for park purposes.

[3] The amended complaint alleged that the city sold the parcel for $41,000 *and* in exchange for two parcels on Marquam Hill. The ordinance authorized an exchange of property.

[4] Warren's motion to dismiss counts one and two of the initial complaint was based on the following grounds:

"1. Dismissing Count One for failure to state ultimate facts sufficient to constitute a claim, on the grounds that:

"(a) The transaction at issue in this case is authorized by ORS 271.310, and ORS 226.370 does not apply;

"(b) ORS 226.370 conflicts with the Portland City Charter, and cannot apply to this transaction under Article XI, Section 2, of the Oregon Constitution;

■ ■   Defendants moved to dismiss counts one and two of the original complaint for failure to state a claim under ORCP 21A. In *Hupp v. Schumacher,* 29 Or App 9, 12, 562 P2d 217 (1977), we held that

> "* * * a demurrer to a declaratory judgment complaint for failure to state a cause of action is inappropriate when a justiciable controversy exists, even though the plaintiff is not entitled to relief. The issue, then, * * * is not whether plaintiffs have stated a cause of action but whether a justiciable controversy exists."

*See also Lewis v. Miller,* 197 Or 354, 251 P2d 876 (1952); *Harrison v. Port of Cascade Locks,* 27 Or App 377, 556 P2d 160 (1976), *rev den* (1977). A complaint for declaratory relief is legally sufficient if it alleges the existence of an actual controversy relating to the legal rights and duties of the parties. *Hupp v. Schumacher, supra.* In *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965), the Supreme Court said:

---

"(c) Plaintiffs have not alleged facts demonstrating that they have standing to maintain an action under ORS 226.370.

"2. Dismissing as sham, frivolous, and irrelevant, that portion of paragraph XIV beginning with the words 'or have a say in its disposition * * *' and continuing to the end of the paragraph, on the ground that those allegations relate to interests that are not protected by ORS 226.370.

"3. Dismissing Count Two for failure to state ultimate facts sufficient to constitute a claim, on the grounds that:

"(a) Portland City Code Section 3.96.060 does not apply to actions by the City Council;

"(b) Portland City Code Section 3.96.060 does not apply to this transaction by virtue of Ordinance No. 148060, dated July 5, 1979."

Defendants' motions to strike and dismiss the amended complaint were based on the following grounds:

"1. Striking Counts One and Two of the Amended Complaint, on the ground that those counts contain no material allegations different from those of the initial Complaint, which was dismissed by order of the Honorable J. J. Murchison on September 15, 1980;

"2. Dismissing Count Three of the 'Amended Complaint,' on the grounds that the claim was not brought within the time limited by statute, and the availability of other remedies makes the granting of declaratory relief inappropriate."

A motion to strike is the proper method to attack an amended pleading that offers no material allegation not contained in the original complaint. *Bliss v. Southern Pacific Co. et al,* 212 Or 634, 653, 321 P2d 324 (1958). On appeal, however, we must determine whether the motion to dismiss the original complaint was correctly granted.

" "* * * A justiciable controversy is distinguished from a difference or dispute of a hypothetical or abstract character; from one that is abstract or moot. The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * * ' "

Counts one and two clearly allege a justiciable controversy; defendants do not contend otherwise.[5] The dismissal of counts one and two of the original complaint and the striking of those counts from the amended complaint was error.

■ ■    Count three of the amended complaint alleges that the land exchange between Warren and the city violated state-wide planning goals. The trial court held that the count was barred by the applicable statute of limitations and that the availability of other remedies made declaratory relief inappropriate.

The Supreme Court has held that

"* * * when declaratory relief is sought as an alternative to other appropriate and otherwise available relief, the relevant limitations period for the declaratory judgment suit should be based on that of the underlying grounds for relief * * *." *Brooks v. Dierker,* 275 Or 619, 623, 552 P2d 533 (1976).

A writ of review to the circuit court under ORS 34.010 to 34.100 and an appeal to the Land Conservation and Development Commission under former ORS 197.300 *(repealed* Or Laws 1979, ch 772, § 26) were, at the applicable time, the two avenues arguably available for review of city land use decisions that allegedly violated state-wide goals.[6] The period of limitations for both remedies was 60 days. Former ORS 197.300(2); ORS 34.030. This suit was filed more than ten months after the decision at issue and at least 68 days

---

[5] Although the motion to dismiss alleged that plaintiffs lacked standing to bring this action, defendants do not urge that ground on appeal.

[6] We need not decide whether the City's action was legislative or quasi-judicial or whether a writ of review would have been an available remedy. *See Lane v. City of Prineville,* 49 Or App 385, 619 P2d 940 (1980).

after plaintiffs had notice of the decision.[7] The trial court correctly ruled that count three was time-barred. *See Emerson v. Deschutes Cty Bd of Comm'rs,* 46 Or App 247, 250, 610 P2d 1259 (1980).

Affirmed in part; reversed in part and remanded to reinstate counts one and two.[8]

---

[7] Although ORS 34.010 *et seq* and former ORS 197.300 provided the avenue of review at the time of the exchange, by the time plaintiffs sought review the legislature had provided that the Land Use Board of Appeals had jurisdiction to review land use decisions and provided for a 30 day limitation period. Or Laws 1979, ch 772, § 4(1), (4). Because it is clear that this count is barred even under the more favorable limitation period, we need not consider which statute controls. For the same reason, we need not consider whether it was improper to bring count three in a suit for a declaratory judgment. *See Brooks v. Dierker, supra.*

[8] Defendants argue that the trial court's order is a judicial declaration that plaintiffs had none of the rights asserted. Alternatively, defendants urge this court to review the merits of plaintiffs' claims and to remand to the trial court for entry of a declaration in favor of defendants. In *Webb v. Clatsop Co. School Dist. 3,* 188 Or 324, 332, 215 P2d 368 (1950), the court stated:

"A justiciable controversy having been stated, the test of the sufficiency of the complaint was not whether or not it showed that plaintiffs were entitled to a declaratory judgment in accordance with their theory, but whether or not they were entitled to any declaration at all, even if they were mistaken in their theory. * * * Moreover, even though the plaintiffs had not been entitled to a favorable declaration upon the facts stated in their complaint, if the complaint states a justiciable controversy between the parties the general demurrer thereto should have been overruled, and the controversy should have been determined by a judicial declaration. * * *.

"Demurrer may be used to test the sufficiency of the complaint in these [declaratory judgment] cases, if it is vulnerable upon any of the statutory grounds of demurrer * * *." (Citations omitted.)

In *Cabell et al v. Cottage Grove et al,* 170 Or 256, 262, 130 P2d 1013 (1943), the court stated:

"* * * Since the complaint stated a justiciable controversy, the demurrers should have been overruled, and, after the filing of an answer which presumably would have admitted the existence of the controversy alleged, a decree containing a declaration of rights should have been entered. Consequently, it will be necessary to reverse the decree; * * *."

*See also Lewis v. Miller, supra; Portland Gen. Elec. Co. v. City of Estacada,* 194 Or 145, 241 P2d 1129 (1952); *Central Or. Irr. Dist. v. Deschutes Co.,* 168 Or 493, 124 P2d 518 (1942); *Bell v. City of Corvallis,* 25 Or App 821, 551 P2d 125, *rev den* (1976); *Myatt et al v. State et al,* 7 Or App 584, 492 P2d 495 (1972).